UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -   x

                                      :

UNITED STATES OF AMERICA,             STIPULATION AND

                          :      ORDER OF INTERLOCUTORY

           Plaintiff,         SALE OF PROPERTY

                          :

       - v. -              19 Cv. 4210 (PKC)

                          :

THE BULK CARGO CARRIER KNOWN AS
THE "WISE HONEST," BEARING       :
INTERNATIONAL MARITIME
ORGANIZATION NUMBER 8905490    :

       Defendant-in-rem.   :

- - - - - - - - - - - - - - - - --   x

        WHEREAS, on or about May 9, 2019, the United States
commenced an in rem forfeiture action seeking the forfeiture of
the Defendant-in-rem, by the filing of a Verified Complaint for
Forfeiture (the "Verified Complaint").  The Verified Complaint
alleged that the Defendant-in-rem is subject to forfeiture
pursuant to Title 18, United States Code, Sections 981(a)(1)(A)
and 981(a)(1)(C);

        WHEREAS, notice of the Verified Complaint against the
Defendant-in-rem was posted on the official government internet
site, www.forfeiture.gov, for at least 30 consecutive days,
beginning on May 10, 2019, through June 8, 2019, and proof of
such publication was filed with the Clerk of this Court on July
10, 2019 (D.E.9);

WHEREAS, on or about May 14, 2019, notice letters and

copies of the Verified Complaint were sent by United States

Postal Service to the following:

> Korea Songi Shipping Company
> No. 01 Chungsong 3-dong
> Rakrang-guyok, Pyongyang
> North Korea
>
> Korea Songi General Trading Corporation
> Songi Trading Company
> Korea Songi Trading Company
> No 01 Chungsong 3 dong
> Rakrang-guyok, Pyongyang
> North Korea

WHEREAS, as set forth in Rule G(4)(a)(ii) and Rule

G(5)(a)(ii), the notice of forfeiture specified the Defendant-

in-rem and the intent of the United States to forfeit and

dispose of the Defendant-in-rem, thereby notifying all third

parties of their right to file a claim to adjudicate the

validity of their alleged legal interest in the Defendant-in-

rem, within sixty days from the first day of publication of the

Notice on the official government internet site;

WHEREAS on July 3, 2019, Cynthia Warmbier and

Frederick Warmbier (together, the "Warmbiers") filed a verified

claim with the Court asserting an interest in the Defendant-in-

rem (D.E. 5);

Case 1:19-cv-04210-PKC   Document 13-1   Filed 07/18/19   Page 3 of 7

WHEREAS, no other claims or answers have been filed or made in this action and no other parties have appeared to contest the action, and the requisite time periods in which to do so, as set forth in Title 18, United States Code, Section 983(a)(4)(A) and Rule G of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, have expired;

WHEREAS, the parties agree that an interlocutory sale of the Defendant-in-rem is necessary in order to preserve its value pending the conclusion of the forfeiture proceedings, and that the net proceeds of the sale shall be held as the substitute res pending further order of this Court;

WHEREAS, the Defendant-in-rem is currently under the control of the United States Marshals Service ("USMS"), which administers the Department of Justice's Asset Forfeiture Program by managing and disposing of properties seized and forfeited by federal law enforcement agencies and U.S. Attorney's Offices nationwide; and

WHEREAS, the USMS is responsible for the management and disposition of forfeited property for the Department of Justice, and needs the ability to liquidate the Defendant-in-rem in order to maximize its value;

3

Case 1:19-cv-04210-PKC   Document 13-1   Filed 07/18/19   Page 4 of 7

NOW, THEREFORE, IT IS HEREBY AGREED, by and between
the United States of America by its attorney Geoffrey S. Berman,
United States attorney for the Southern District of New York,
Assistant United States Attorneys David W. Denton, Jr. and Benet
J. Kearney, of counsel, and the Warmbiers, and their counsel,
Benjamin L. Hatch, Esq. and Elizabeth F. Tyler, Esq. that:

1.      The United States and the Warmbiers agree to the
interlocutory sale of the Defendant-in-rem.

2.      The USMS is authorized to sell the Defendant-in-
rem in a commercially feasible manner and may, in its sole
discretion, reject any offer to purchase the Defendant-in-rem
where it determines that the offer is being made by, or on
behalf of, a person involved in the criminal activity alleged as
the basis for forfeiture.

3.      Upon the sale of the Defendant-in-rem, the net
proceeds for the sale of the Defendant-in-rem will include all
moneys realized from the sale of the Defendant-in-rem, except
for costs incurred in connection with the transportation,
maintenance, and sale of the Defendant-in-rem from the date of
this Order until the date of the sale.[1]

---

[1] To the extent that the United States has incurred costs
associated with the seizure, transportation, and maintenance of
the Defendant-in-rem prior to the date of this Order, the

4.    The net proceeds from the sale of the Defendant-in-rem, and any and all income or interest accrued thereon, will be held by the USMS in its Seized Asset Deposit Fund pending entry of a final order of forfeiture and will serve as a substitute res for the Defendant-in-rem (the "Substitute Res") in the above-captioned case, with all claims and defenses applicable to the Defendant-in-rem, including any other action that may be brought by the Office for forfeiture of the Defendant-in-rem or claims by third parties, to apply instead to the Substitute Res.

5.    This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order.  Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

6.    The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

---

parties agree that any recovery of such costs shall be subject to further order of this Court.

7.     Each party agrees to bear its costs and

attorneys' fees.

8.     This Court shall retain jurisdiction in this

matter to take additional action and enter further orders as

necessary to implement and enforce this order authorizing the

sale of the Subject Property.

Agreed and consented to:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          7/18/19
David W. Denton, Jr.                       _____
Benet J. Kearney                           DATE
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2744 / 2260

6

CYNTHIA WARMBIER

By: _____     7/18/2019
   FOR CYNTHIA WARMBIER      DATE

By: _____     7/18/2019
   FOR BENJAMIN L. HATCH, ESQ.     DATE
    ELIZABETH F. TYLER, ESQ.
    Attorneys for CYNTHIA WARMBIER
    McGuire Woods LLP
    101 W. Main Street      Gateway Plaza
    Suite 9000      800 East Canal Street
    Norfolk, VA 23510      Richmond, VA 23219
    (757) 640-3727      (804) 775-4757

FREDERICK WARMBIER

By: _____     7/18/2019
   FOR FREDERICK WARMBIER      DATE

By: _____     7/18/2019
   FOR BENJAMIN L. HATCH, ESQ.     DATE
    ELIZABETH F. TYLER, ESQ.
    Attorneys for FREDERICK WARMBIER
    McGuire Woods LLP
    101 W. Main Street      Gateway Plaza
    Suite 9000      800 East Canal Street
    Norfolk, VA 23510      Richmond, VA 23219
    (757) 640-3727      (804) 775-4757

SO ORDERED:
_____     7-18-18
THE HONORABLE P. KEVIN CASTEL     DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

7