UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **United States of America,**<br><br>Plaintiff,<br><br>v.<br><br>**The Bulk Cargo Carrier Known as the "Wise Honest," Bearing International Maritime Organization Number 8905490**,<br><br>Defendant-in-Rem. | Civil Case No. 1:19-cv-04210-PKC<br><br>**Answer to Verified Complaint for Forfeiture of Cynthia Warmbier and Frederick Warmbier, both individually and as personal representatives of the Estate of Otto Warmbier** |

Claimants Cynthia Warmbier and Frederick Warmbier, both individually and as personal representatives of the Estate of Otto Warmbier, (together, the "Warmbiers"), by and through their counsel, respond as follows to the allegations in the Verified Complaint for Forfeiture ("Complaint") filed on May 9, 2019:

## PRELIMINARY STATEMENT

The Warmbiers are personally and deeply aware of the of heinous and unthinkable nature of the rogue regime of the Democratic People's Republic of Korea ("North Korea"). The Warmbiers lost their son, Otto, who was tortured and murdered at the hands of the totalitarian state that is North Korea. On December 24, 2018, the U.S. District Court for the District of Columbia entered a judgment against North Korea, and in favor of the Warmbiers, awarding compensatory and punitive damages totaling $501,143,683.80. *Warmbier v. Democratic People's Republic of Korea*, 356 F. Supp. 30, 60 (D.D.C. Dec. 24, 2018). In awarding that judgment, Chief Judge Beryl A. Howell held that "North Korea has committed acts that are awful and worthy of the gravest condemnation," *id.*, and that the Warmbiers "experienced North

1

Korea's brutality first-hand." *Id.* at 36. On July 3, 2019, the Warmbiers registered their judgment in this Court, for the purpose of enforcement. Case No. 1:19-mc-00329-JMF.

While the Warmbiers do not possess personal knowledge of many of the facts alleged in the Complaint, North Korea's disregard for the law, including for international sanctions regimes, is well documented. In fact, North Korea's disregard for the law and basic human rights formed the basis for the Warmbiers' complaint in the U.S. District Court for the District of Columbia that resulted in their judgment and the award of $501,143.683.80.

## I.   NATURE OF THE ACTION

1.   Upon information and belief, the Warmbiers admit that Exhibit A to the Complaint is a photograph of the bulk cargo carrier known as the "*Wise Honest*," bearing International Maritime Organization ("IMO") number 8905490 ("M/V *Wise Honest*" or "Defendant Property"). The remainder of Paragraph 1 contains Plaintiff United States of America's ("Plaintiff") description of the action to which no response is required.

2.   Paragraph 2 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 2.

## II.   JURISDICTION AND VENUE

3.   The Warmbiers admit the allegations in Paragraph 3.

4.   The Warmbiers admit that venue is proper in this District.

## III.   THE NORTH KOREA SANCTIONS REGIME

5.   Paragraph 5 contains Plaintiff's description of the action and legal conclusions to which no response is required. To the extent that a responsive pleading is required, the

Warmbiers assert that the statute, regulations, and Executive Orders referenced in Paragraph 5 speak for themselves.

**A. Executive Orders Pursuant to the International Emergency Economic Powers Act ("IEEPA")**

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that Executive Order 13382 and the Weapons of Mass Destruction Proliferators Sanctions Regulations ("WMDPSR"), 31 C.F.R. § 544.101 *et seq.*, referenced in Paragraph 6 speak for themselves.

7. Paragraph 7, including subparts (a) through (c), contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that Executive Order 13382 and the WMDPSR referenced in Paragraph 7 speak for themselves.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that Executive Orders 13466, 13551, and 13570, and the North Korea Sanctions Regulations ("NKSR"), 31 C.F.R. Part 510 referenced in Paragraph 8 speak for themselves.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the North Korea Sanctions and Policy Enhancement Act of 2016 ("NKSPEA"), 22 U.S.C. § 9201 *et seq.*, referenced in Paragraph 9 speaks for itself.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the NKSPEA referenced in Paragraph 10 speaks for itself.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the NKSPEA referenced in Paragraph 11 speaks for itself.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the NKSPEA and Executive Orders 13687, 13722, and 13810 referenced in Paragraph 12 speak for themselves.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that Executive Order 13722 and the related regulation referenced in Paragraph 13 speak for themselves.

### B. United Nations Security Council Resolutions

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the United Nations Security Council Resolutions ("UNSCR") referenced in Paragraph 14 speak for themselves.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that UNSCR 2397 referenced in Paragraph 15 speaks for itself.

### IV. PROBABLE CAUSE FOR FORFEITURE

### A. Overview

16. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

17. Upon information and belief, the Warmbiers admit the allegations in Paragraph 17.

18. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

19. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 19.

20. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

**B. Background on the Participants in the Korea Songi Scheme**

21. Upon information and belief, the Warmbiers admit that the IMO assigns a unique reference number to every cargo vessel of at least 300 gross tons. The Warmbiers lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 21.

22. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 23.

24. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 24.

25. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 25, including subparts (a) through (c).

**C. The Use of M/V *Wise Honest* for the Illicit Shipment of Coal from North Korea**

26. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 26, including subparts (a) through (c).

### D. Machinery Shipments to North Korea

27. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 27, including subparts (a) through (c).

### E. The Last Voyage of M/V *Wise Honest*

28. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 28.

29. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 29.

30. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 30.

31. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 31.

### F. Evasive Conduct by M/V *Wise Honest*

32. Paragraph 32 contains legal conclusions to which no response is required.  To the extent that a responsive pleading is required, the Warmbiers assert that the maritime treaty referenced in Paragraph 32 speaks for itself.

33. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 33.

34. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 34.

35. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 35.

36. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 36.

### G. The Arrest and Conviction of the Captain of M/V *Wise Honest*

37. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 37.

38. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 38.

### H. The Use of the U.S. Financial System to Pay for Improvements to and Expenses of M/V *Wise Honest*

39. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 39.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the IEEPA and the North Korea Sanctions referenced in Paragraph 40 speak for themselves. The Warmbiers lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 40.

41. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 41.

42. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 42.

43. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 43.

44. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 44, including subparts (a) and (b).

**I. The Seizure of M/V *Wise Honest***

45. The Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 45.

## V. **CLAIMS FOR FORFEITURE**

46. Paragraph 46 contains Plaintiff's description of the remaining Paragraphs in the Compliant and legal conclusions to which no responses are required.

**A. Proceeds Traceable to Violations of IEEPA**

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the statutes referenced in Paragraph 47 speak for themselves.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the statutes referenced in Paragraph 48 speak for themselves.

49. The Warmbiers incorporate their responses to Paragraphs 39-44 set forth above as if fully set forth herein. Paragraph 49 also contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 49.

**B. Property Involved in International Promotion of Specified Unlawful Activity Money Laundering**

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the statutes referenced in Paragraph 50 speak for themselves.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the statute referenced in Paragraph 51 speaks for itself.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers assert that the statutes referenced in Paragraph 52 speak for themselves.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent that a responsive pleading is required, the Warmbiers lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 53.

## FIRST AFFIRMATIVE DEFENSE

The Warmbiers' interest in the Defendant Property may not be forfeited, because the Warmbiers have at all times acted innocently and in good faith.

## SECOND AFFIRMATIVE DEFENSE

The Warmbiers are entitled to equitable subrogation.

## THIRD AFFIRMATIVE DEFENSE

The Warmbiers may discover additional affirmative defenses and reserve the right to assert additional defenses if discovery indicates such defenses would be appropriate.

## RESERVATION

The Warmbiers reserve the right to amend this answer and the affirmative defenses set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the Warmbiers' interest in the Defendant Property, the Warmbiers hereby respectfully request that the Court:

(a) Enter judgment in favor the Warmbiers and against the Government;

(b) Award the Warmbiers their costs incurred in defending this action as permitted by applicable law, including reasonable attorneys' fees; and

(c) Award the Warmbiers such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 24, 2019

Respectfully submitted,

MCGUIREWOODS LLP

By:   /s/ Benjamin L. Hatch
Benjamin L. Hatch (admitted *pro hac vice*)
McGUIREWOODS LLP
World Trade Center
101 W. Main St.
Suite 9000
Norfolk, VA 23510
Tel: 757 640 3727
Fax: 757 640 3947
bhatch@mcguirewoods.com

Richard Cullen (admitted *pro hac vice*)
rcullen@mcguirewoods.com
Elizabeth F. Tyler (admitted *pro hac vice*)
etyler@mcguirewoods.com
McGUIREWOODS LLP
Gateway Plaza
800 East Canal St.
Richmond, VA 23219
Tel: 804 775 1009
Fax: 804 698 2035

*Counsel for Cynthia and Frederick Warmbier*

## CERTIFICATE OF SERVICE

I, Benjamin L. Hatch, certify that on July 24, 2019, I electronically filed the foregoing Answer of Cynthia Warmbier and Frederick Warmbier, both individually and as personal representatives of the Estate of Otto Warmbier, using the Court's CM/ECF system and served by operation of the Court's electronic filing system and via email upon:

    Benet Jeanne Kearney
    David William Denton, Jr.
    United States Attorney's Office
    Southern District of New York
    One St. Andrew's Plaza
    New York, NY 10007
    benet.kearney@usdoj.gov
    david.denton@usdoj.gov

                                                                                        */s/* Benjamin L. Hatch
                                                                                      Benjamin L. Hatch