**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 5, 2019

Conference Adjourned
From: 9/11/19
To: Oct. 25, 2019 at 10:45 a.m.
SO ORDERED:
P. KEVIN CASTEL U.S.D.J.
Date: 9-5-19

**BY ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v The Bulk Cargo Carrier Known As The "Wise Honest," Bearing International Maritime Organization Number 8905490*, 19 Civ. 4210 (PKC)

Dear Judge Castel:

In connection with the above-captioned case and pursuant to the Court's July 11, 2019 Order, the Government writes on behalf of both parties to advise the Court of (1) a brief description of the case, including factual and legal bases for the claim(s) and defense(s); (2) contemplated motions; and (3) the prospect for settlement. In light of the prospect for a resolution of this matter, described further below, the parties respectfully request that that conference currently scheduled for September 12, 2019 at 12:00 p.m. be adjourned for approximately one month, until October 11, 2019 or a date convenient for the Court.

### I.   Description of Case, Claims, and Defenses

On May 9, 2019, the United States commenced an *in-rem* forfeiture action seeking the forfeiture of the Defendant-*in-rem*, by the filing of a Verified Complaint for Forfeiture (the "Verified Complaint"). The Verified Complaint alleged that the Defendant-*in-rem* is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 981(a)(1)(C) because it is property constituting or derived from proceeds traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and because it is property involved in money laundering transactions, in violation of 18 U.S.C. § 1956, and property traceable to such property. These allegations arise from the Defendant-*in-rem*'s use to illicitly ship coal from the Democratic People's Republic of North Korea ("DPRK" or "North Korea") and to deliver heavy machinery to the DPRK. Payments for maintenance, equipment, and improvements of the Defendant-*in-rem* were made in U.S. dollars through unwitting U.S. banks, in violation of U.S. sanctions law and United Nations Security Council Resolutions. (Dkt. 1).

On July 3, 2019, Cynthia Warmbier and Frederick Warmbier (together, the "Warmbiers") filed a verified claim with the Court asserting an interest in the Defendant-*in-rem*, based on a

Case 1:19-cv-04210-PKC Document 17 Filed 09/06/19 Page 2 of 3
Case 1:19-cv-04210-PKC Document 16 Filed 09/05/19 Page 2 of 3

Page 2

default judgment against the DPRK in connection with *Warmbier v. Democratic People's Rep. of Korea*, 18 Civ. 977 (BAH) (D.D.C.) Dkt. 24 (the "Default Judgment"). (Dkt. 5).[1] In a memorandum accompanying the Default Judgment, the district court laid out the horrific detention and torture of the Warmbiers' son, Otto, by the DPRK, which are the basis for the Default Judgment. On July 24, 2019, the Warmbiers filed their answer to the Verified Complaint and, as affirmative defenses, asserted that their interest in the Defendant-*in-rem*[2] may not be forfeited because they (a) at all times acted innocently and in good faith and (b) are entitled to equitable subrogation. (Dkt. 15 at 9).

## II. Prospect for Settlement

Having conferred, the parties believe that they will be able to reach a settlement of this matter, whereby the Warmbiers will withdraw their claim regarding the Defendant-*in-rem*, in short order, but have not yet reached a final agreement. The parties therefore respectfully request that the September 12, 2019 conference and the submission of a case management plan be adjourned for approximately one month, until October 11, 2019 or a date convenient for the Court.

---

[1] No other claims or answers have been filed or made in this action, no other parties have appeared to contest the action, and the requisite time periods in which to do so, as set forth in Title 18, United States Code, Section 983(a)(4)(A) and Rule G, have expired.

[2] On July 19, 2019, this Court entered a Stipulation and Order of Interlocutory Sale authorizing the United States Marshals Service ("USMS") to conduct an interlocutory sale of the Defendant-*in-rem* pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Dkt. 14). As the parties stipulated and the Court ordered, the net proceeds of that sale will constitute a substitute *res* for the Defendant-*in-rem* and will be subject to all claims and defenses applicable to the Defendant-*in-rem*.

Case 1:19-cv-04210-PKC Document 17 Filed 09/06/19 Page 3 of 3
Case 1:19-cv-04210-PKC Document 16 Filed 09/05/19 Page 3 of 3

Page 3

### III. The Government's Intended Motion

Should this case not result in an agreed settlement, which the parties fully expect to occur, the Government will move to strike the Warmbiers' claim and answer for lack of standing pursuant to Rule G(8)(c)(i)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By: _____
David W. Denton, Jr.
Benet J. Kearney
Assistant United States Attorneys
Tel.: (212) 637-2744 / 2260

cc: Benjamin Hatch, Esq. (via ECF and email)
Elizabeth Tyler, Esq. (via ECF and email)
Richard Cullen, Esq. (via ECF and email)