EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
         :

UNITED STATES OF AMERICA,

         Plaintiff,

         :   STIPULATION

    -v.-

         :   19 Civ. 4210 (PKC)

THE BULK CARGO CARRIER KNOWN AS THE :
"WISE HONEST,' BEARING INTERNATIONAL
MARITIME ORGANIZATION NUMBER 8905490, :

         Defendant-in-rem.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
         :
Cynthia Warmbier,

         Claimant,   :

Frederick Warmbier,
         :
         Claimant.
         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       WHEREAS, on or about May 9, 2019, the United States commenced an *in rem* forfeiture action seeking the forfeiture of the Defendant-*in-rem*, by the filing of a Verified Complaint for Forfeiture (the "Verified Complaint"). The Verified Complaint alleged that the Defendant-*in-rem* was used to illicitly ship coal from the Democratic People's Republic of Korea ("North Korea" or the "DPRK") and to deliver heavy machinery to the DPRK and that payments for maintenance, equipment, and improvements of the Defendant-*in-rem* were made in U.S. dollars through unwitting U.S. banks, in violation of U.S. sanctions law and United Nations Security Council Resolutions. The Verified Complaint further alleged that the Defendant-*in-rem* is therefore subject to forfeiture pursuant to Title 18, United States Code, Sections

981(a)(1)(A) and 981(a)(1)(C) because it is property constituting or derived from proceeds traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, and because it is property involved in money laundering transactions, in violation of 18 U.S.C. § 1956, and property traceable to such property.

WHEREAS, notice of the Verified Complaint against the Defendant-*in-rem* was posted on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, beginning on May 10, 2019, through June 8, 2019, and proof of such publication was filed with the Clerk of this Court on July 10, 2019 (D.E. 9);

WHEREAS, on or about May 14, 2019, notice letters and copies of the Verified Complaint were sent by United States Postal Service to the following:

> Korea Songi Shipping Company
> No. 01 Chungsong 3-dong
> Rakrang-guyok, Pyongyang
> North Korea
>
> Korea Songi General Trading Corporation
> Songi Trading Company
> Korea Songi Trading Company
> No 01 Chungsong 3 dong
> Rakrang-guyok, Pyongyang
> North Korea

WHEREAS, as set forth in Rule G(4)(a)(ii) and Rule G(5)(a)(ii), the notice of forfeiture specified the Defendant-*in-rem* and the intent of the United States to forfeit and dispose of the Defendant-*in-rem*, thereby notifying all third parties of their right to file a claim to adjudicate the validity of their alleged legal interest in the Defendant-*in-rem*, within sixty days from the first day of publication of the Notice on the official government internet site;

WHEREAS on July 3, 2019, Cynthia Warmbier and Frederick Warmbier (together, the "Warmbiers") filed a verified claim with the Court asserting an interest in the Defendant-*in-rem* (the "Warhmbier Claim") (D.E. 5); and

WHEREAS, the Warmbiers have agreed to withdraw the Warmbier Claim and consent to the forfeiture of the Defendant-*in-rem* to the United States;

NOW, THEREFORE, IT IS HEREBY AGREED, by and between the United States of America by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, Assistant United States Attorneys David W. Denton, Jr. and Benet J. Kearney, of counsel, and the Warmbiers, by their counsel, Benjamin L. Hatch, Esq., Elizabeth F. Tyler, Esq., and Richard Cullen, Esq., that:

1. The Warmbiers hereby withdraw the Warmbier Claim, and consent to the forfeiture of the Defendant-*in-rem*.

2. This Stipulation may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

3. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation.

4. Each party agrees to bear its costs and attorneys' fees.

Agreed and consented to:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: _____          10/7/19
David W. Denton, Jr. / Benet J. Kearney    Date
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
(212) 637-2744 / 2260


CYNTHIA WARMBIER and FREDERICK WARMBIER

By: _____          10/7/19
Benjamin L. Hatch, Esq.                   Date
Elizabeth F. Tyler, Esq.
Richard Cullen, Esq.
Attorneys for CYNTHIA WARMBIER and FREDERICK WARMBIER
McGuire Woods LLP
101 W. Main Street          Gateway Plaza
Suite 9000                  800 East Canal Street
Norfolk, VA 23510           Richmond, VA 23219
(757) 640-3727              (804) 775-4757


SO ORDERED:


_____              _____
THE HONORABLE P. KEVIN CASTEL             Date
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK


4